STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF
LAND (NAIMAN), APPELLANT.

FILED FEBRUARY 10, 1910. No. 15,899.

1. **Taxation: SALE: CONFIRMATION.** On a hearing of an application for confirmation of a sale for taxes, where it is made to appear by an uncontradicted affidavit, offered by the owner of the land sold and received by the court, that all taxes lawfully assessed against said land had been paid prior thereto, it is error to confirm such sale.

2. ——: ——: ——. And where it further appears by such affidavit that the lands so sold were assessed, taxed and sold as town lots, when in fact no survey, plat, or division of said land into town lots had been made or authorized by the owner thereof, such land is not subject to taxation as town lots, and a sale thereof by such designation is void.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Reversed.*

*M. H. Weiss,* for appellant.

*John T. McCuistion, contra.*

FAWCETT, J.

This is an appeal from an order of the district court for Thayer county confirming a sale for taxes under the scavenger law of lots 13 to 16, inclusive, in block 13, lots 7 to 15, inclusive, in block 18, and lots 4 to 12, inclusive, in block 19, all in the original town of Gilead. The record, which is quite incomplete, and in many respects unsatisfactory, shows that one Nelson Gaston purchased the property in controversy at a tax sale under and by virtue of the decree of the district court in the state tax suit of the year 1905. The sale was confirmed over the objections of the appellant, John Naiman, April 4, 1908. The bill of exceptions, which was duly served and settled by the court, shows that upon the hearing of objections to confirmation plaintiff introduced the affidavit and notice

of the purchaser, Gaston, the final notice served by the sheriff, and the certificate of publication by the publisher, and nothing more. Defendant Naiman introduced his formal objections to the confirmation, supported by a full and complete affidavit giving in detail what is claimed to be the facts in relation to the property included within the alleged sale and described in the certificates held by Gaston, and nothing more. No objection was made to the above affidavit, nor was there any attempt at contradiction of the statements contained therein. We therefore accept the facts stated in the affidavit as established, and as sufficient to overcome all presumptions of regularity in the original petition. From the affidavit it appears that on March 3, 1887, defendant Naiman was the owner of all of the N. E. ¼ of section 15, township 2, range 1; that on said date he conveyed to one F. J. Hendershot, trustee, the N. W. ¼ of the N. E. ¼, and the N. ½ of the S. W. ¼ of the N. E. ¼, "for townsite purposes" (for the sake of brevity we will separate the lands so conveyed to Hendershot into two tracts, and designate them as tracts 1 and 2; tract 1 being the N. W. ¼ of the N. E. ¼, and tract 2 being the N. ½ of the S. W. ¼ of the N. E. ¼) ; that on October 1, 1887, the said Hendershot, trustee, dedicated to the public for townsite purposes a portion of tract 1, and no more; that on May 22, 1890, the said Hendershot reconveyed to defendant Naiman all of tract 2; that none of tract 2 was ever dedicated to the public, or surveyed and platted as town property; that defendant Naiman had paid all taxes upon tract 2 as a governmental subdivision, and that no taxes were delinquent or due thereon; that none of said tract was subject to taxation or sale, for the reason that the lots appearing upon said tax roll are not part of tract No. 1, upon which the same are platted or shown by the certificate or the plat filed by said Hendershot, "but, in truth and in fact, said lots mentioned in said pretended sale certificate are located without right or authority or without survey or plat made in accordance with law, and arbitrarily appear to be lo-

cated according to a plat filed with the county clerk, and under which the assessment and sale were made, to wit, upon the N. ½ of the S. W. ¼ of the N. E. ¼ of section 15-2-1 (tract 2), and that the description of the lots or pretended lots, and which arbitrarily cover this defendant's land, in truth and in fact, do not exist, and that all taxes due thereon have been paid."

In the light of the above undisputed testimony, it would seem clear that the court erred in entering the order of confirmation complained of. In consideration of the public nature of the question involved, and the unsatisfactory condition of the record, together with the further fact that we have not had the benefit of either brief or oral argument in plaintiffs' behalf, no specific directions are given to the district court, but its judgment is reversed and the cause remanded for further proceedings according to law.

REVERSED.